IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:19-cv-669-SMD |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.     INTRODUCTION

Plaintiff Stephanie Reese ("Plaintiff") filed for a period of disability and Disability Insurance Benefits ("DIB") on October 17, 2016, alleging disability beginning March 15, 2016. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the Court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id.* at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id.* It may contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty years old as of her alleged onset date of March 15, 2016, and forty-three at the time of the ALJ's decision denying her benefits. Tr. 15, 155, 157. Plaintiff has at least a high school education and past work experience as an instructor, massage therapist, and physical therapy tech. Tr. 173-74. Plaintiff alleged disability based on pain syndrome on left shoulder, depression, and anxiety. Tr. 172.

Following an administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since March 15, 2016, the alleged onset date[.]" Tr. 18. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative joint disease, depressive disorder, Affective Disorder, and somatic disorder[.]" Tr. 18. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 18.  Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light work  . . . except she will be allowed to alternate positions once every hour for 5 minutes while remaining at her workstation and without increasing time off task. She will frequently balance, stoop, and crouch. She will occasionally kneel and climb ramps and stairs. She will never crawl or climb ladders, ropes or scaffolds. She will frequently reach with her right upper extremity, and she will occasionally reach with her left, non-dominant upper extremity. She will never reach overhead. She will frequently finger, feel, handle, and grasp, except she will only do so occasionally with her non-dominant left upper extremity. She will never push or pull using her non-dominant left upper extremity. She will avoid frequent exposure to extreme cold, wetness, and humidity. She will avoid frequent exposure to vibration. She will avoid frequent exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants. She will avoid all exposure to hazards such as

unprotected heights and dangerous machinery. She will perform simple routine tasks and be provided short simple instructions. She will have infrequent workplace changes that will be introduced gradually. She will be provided a break every 2 hours. She will be off task 10% of the workday.

Tr. 20. At Step Four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work." Tr. 23. The ALJ next concluded, at Step Five, that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 24. Based upon the testimony of the VE, the ALJ identified the following as representative occupations: "Rag inspector," "Block inspector," and "Marker." Tr. 24-25. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from March 15, 2016, through the date of this decision[.]"  Tr. 25.

## IV.  PLAINTIFF'S ARGUMENTS

Plaintiff presents two arguments for the Court's review. First, Plaintiff argues that the ALJ erred in failing to properly evaluate the detailed opinion evidence from Plaintiff's treating physicians. (Doc. 11) at 3-7. Second, Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC by failing to include the required function-by-function assessment. *Id*. at 7-9.

## V.  DISCUSSION

### A. Whether the ALJ Properly Evaluated the Opinion Evidence From Plaintiff's Treating Physicians.

Plaintiff argues that the ALJ erred in evaluating the detailed opinion evidence from Plaintiff's treating physicians. (Doc. 11) at 3-7. In other words, Plaintiff asserts that "the

ALJ failed to sufficiently articulate her reasons for giving little or no weight to the treating physicians' opinions." *Id*. at 6.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists to discount a treating physician's opinion when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id*. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate the reason for doing so. *Id*.

Opinions on some issues, such as whether a claimant is disabled or unable to work "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d); 416.927(d); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. SSR 96-5p. However, "[s]uch opinions on these issues must not be disregarded" and the "decision must explain the consideration given to the treating source's opinion(s)." *Williams v. Comm'r of Soc. Sec.*, 2008 WL 591288, at *3 (S.D. Ga. Mar. 3, 2008).

Here, Plaintiff specifically points to the ALJ's treatment of the opinion of Dr. Roger W. Kemp, a treating physician, and Kim Hindi, a treating nurse practitioner. (Doc. 11) at

7

3. Plaintiff also notes, in passing fashion, that the ALJ gave no weight to Dr. Samelson and Mr. Estes as an "indication of the ALJ's failure to properly consider and weigh evidence" in Plaintiff's favor. *Id*. at 7.

In assessing Dr. Kemp's opinion, the ALJ stated:

> Treatment records from Central Pain Management at Exhibit 6F, page 4 reflect that in October 2016, Dr. Kemp indicated the claimant was "totally disabled at this time." This opinion is an issue reserved to the Commissioner of Social Security, is wholly conclusory, lists only diagnoses, and is not supported by signs, laboratory findings or an explanation elsewhere in Exhibit 6F. The opinion is given no weight.
> The claimant's treating physician, Roger Kemp, M.D., later completed a check-box "Physical Capacities Evaluation" on December 28, 2017, wherein he checked or circled boxes to say the claimant could not sit for more than three (3) hours in an eight-hour day and would miss four (4) or more days of work per month due to side effects from medication and from pain. Ex. 18F. The undersigned has considered this opinion, as required under agency rules, as the opinion of a treating physician. The undersigned, however, finds this opinion worthy of little weight when reviewed in conjunction with the actual treatment records. Ex. 15F. Dr. Kemp's assessment is inconsistent with the "mild" findings upon objective testing (e.g., Ex. 14F/1), the claimant's many denials of side effects from her medication (e.g., Ex. 13R/10; Ex. 8F; Ex. 21F/26, 46), and the affirmative findings of 5/5 strength in her upper and lower extremities, normal sensation, and no neurological deficits upon examinations. E.g., Ex. 15F/3; 23F/3, 7, 12, 23.

Tr. 23.

The undersigned finds that substantial evidence supports the ALJ's decision to afford no weight to Dr. Kemp's opinion that Plaintiff was "totally disabled at this time" as such an opinion is reserved to the Commissioner and, therefore, not entitled to any special deference or evaluation. Nonetheless, the ALJ did not ignore the opinion and proceeded to explain the reasons why the opinion was afforded no weight. Specifically, the ALJ found

the opinion to be "wholly conclusory" (as it listed only diagnoses) and "not supported by signs, laboratory findings or an explanation elsewhere" within the same exhibit. Tr. 23. The undersigned finds the ALJ's reasoning sufficient to afford Dr. Kemp's opinion that Plaintiff was "totally disabled" no weight.

The undersigned also finds that substantial evidence supports the ALJ's decision to afford little weight to Dr. Kemp's opinion that Plaintiff could not sit for more than three hours in an eight-hour workday and would miss four or more days of work per month due to side effects from medication and pain. The ALJ supported this conclusion by noting that Dr. Kemp's opinion was "inconsistent with the 'mild' findings upon objective testing," Plaintiff's "denials of side effects from her medication," and "the affirmative findings of 5/5 strength in her upper and lower extremities, normal sensation, and no neurological deficits upon examination." Tre. 23. In other words, the ALJ held that the evidence supported a contrary finding to Dr. Kemp's opinion. This reasoning is sufficient for the ALJ to discount Dr. Kemp's opinion and to afford it little weight.

As for Ms. Hindi, the ALJ afforded her opinion "no weight" regarding Plaintiff's limitations in standing, walking, stooping, and crouching because they were inconsistent with the findings of Plaintiff's upper and lower motor extremity strength, normal sensation, and normal gait. Tr. 23. The ALJ also noted Plaintiff's normal physical exams in the record and found that Ms. Hindi's opinions about the limitations were "not consistently assessed

or reflected in the record." Tr. 23. The undersigned finds this reasoning sufficient to discount the opinion of Ms. Hindi.[4]

Finally, Plaintiff asserts that the ALJ's treatment of the opinions of Dr. Samelson and Mr. Estes indicates that the ALJ failed to properly consider and weigh evidence in

---

[4] Pursuant to Social Security regulations, nurse practitioners are not considered "accepted medical sources." 20 C.F.R. §§ 404.1513(a), 416.913(a). Even so, nurse practitioners are "other medical sources" whose opinions can be used to demonstrate the severity of an impairment and how it affects a claimant's ability to work. *Butler v. Astrue*, 2012 WL 1094448, at *2-3 (S.D. Ala. Mar. 30, 2012); *Turner v. Astrue*, 2008 WL 4489933, at *13 (S.D. Ala. Sept. 30, 2008); 20 C.F.R. §§ 404.1513(a) and (d), 404.1527(a)(2), 416.913(a) and (d), and 416.927(a)(2). Social Security Rule 06-03p clarifies how the Social Security Administration considers opinions from sources who are not "acceptable medical sources" on the issue of disability:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file. . . .
> The adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P, 2006 WL 2329939, at *3, 6 (S.S.A. Aug. 9, 2006); *Butler*, 2012 WL 1094448, at *2-3; *Thomas o/b/o J.T.C. v. Berryhill*, at *4 (M.D. Ala. Mar. 30, 2018) (recognizing that ALJ is required to consider opinion evidence by "other medical source" and should explain weight given to those opinions or otherwise ensure subsequent reviewer can follow adjudicator's reasoning when such opinions may have effect on outcome of case); *Hollinger v. Colvin*, 2015 WL 1470697, at *6 (S.D. Ala. Mar. 31, 2015) (same); *Madise v. Astrue*, 2009 WL 3078294, at *11 (S.D. Ala. Sept. 23, 2009) (stating ALJ is not free to disregard opinions of health care professionals simply because they are not medical doctors); and *Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) (holding it was "improper and unreasonable" for ALJ to reject opinion of "other medical source"). Notably, a nurse practitioner's opinion may be given more weight than even a treating physician if the nurse practitioner has been more involved in the claimant's treatment and has provided better supporting evidence or explanation of her opinion. *Malone v. Colvin*, 2014 WL 3656653, at *10-11 (S.D. Ala. July 18, 2014) (citing *Barry v. Astrue*, 2010 WL 3168630, at *11 (D. Ariz. Aug. 10, 2010)).

Plaintiff's favor. (Doc. 11) at 7. Plaintiff does not provide the Court with any argument as to why the ALJ erred in affording these opinions little weight. Nonetheless, the undersigned finds that the ALJ properly discounted the opinions. As to Dr. Samelson, the ALJ afforded his opinion that Plaintiff modify "her job description as far as doing neck massage" no weight. Tr. 22. The ALJ found that the opinion was "not a true assessment of [Plaintiff's] capabilities not withstanding her impairments, [was] dated almost two years before the hearing, and [was] inconsistent with more recent medical evidence[.]" Tr. 22. Similarly, the ALJ afforded no weight to Mr. Estes, who opined that Plaintiff was "genuine," because Mr. Estes was "not an acceptable medical source, his opinion that [Plaintiff] is 'genuine' is not a true medical opinion . . . , and it is not probative of [Plaintiff's] ability to function despite her impairments." Tr. 22-23. The undersigned finds the ALJ's reasoning as to both opinions sufficient to afford them no weight.

For these reasons, the undersigned concludes that substantial evidence supports the ALJ's treatment of Plaintiff's treating physicians. Accordingly, the ALJ did not commit reversible error in affording Plaintiff's treating physicians' opinions little and no weight.

### B. Whether the ALJ Properly Assessed Plaintiff's RFC.

Plaintiff argues that the ALJ failed to properly assess her RFC because the ALJ did not credit her testimony regarding her symptoms. (Doc. 11) at 8. Plaintiff points to her function report testimony, which showed "very limited activities of daily living" and a questionnaire completed by Plaintiff, which the ALJ found to conflict with Plaintiff's hearing testimony. *Id*. Plaintiff further argues that there was no medical evidence or opinion

to support the ALJ's assessment of Plaintiff's RFC. *Id.* Thus, Plaintiff asserts that, upon rejection of Plaintiff's treating physician's opinions and in the absence of other medical evidence, the ALJ was "duty-bound to obtain a further consultative examination to assess Plaintiff's physical functional capacity." *Id.* at 8-9.

As to the ALJ's assessment of Plaintiff's subjective symptoms, the undersigned finds no error. In concluding that Plaintiff's function report testimony and her questionnaire were more limiting than the evidence supported, the ALJ noted previous statements by Plaintiff to her treating physicians that she could "lift very light weights," "drive [her] car as long as [she] want[s]," "engage in most, but not all [her] usual recreation activities," and that her pain was moderate, conflicted with Plaintiff's testimony at the hearing. Tr. 22. Further, the ALJ pointed to medical evidence of record showing "mild" findings, normal strength throughout the upper and lower extremities, and normal gait accompanied by grossly intact sensation. Tr. 21-22. In considering this evidence, the ALJ found that the "findings and diagnoses support some limitations in [Plaintiff's] ability to stand, walk, sit, lift, reach and use her hands to hold and feel objects." Tr. 22. Thus, the ALJ "limited [Plaintiff] accordingly" but concluded that greater restrictions were not supported by Plaintiff's treatment records. Tr. 22. The undersigned finds that sufficient evidence supports this conclusion and that the ALJ did not err in her treatment of Plaintiff's subjective complaints.

As to the ALJ's requirement to further develop the record, the undersigned finds no error. The Eleventh Circuit has held that, although an "administrative law judge has a duty

to develop the record where appropriate," the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Here, although the ALJ rejected the opinions of Plaintiff's treating physicians, there was sufficient evidence in the record for the ALJ to make an informed decision regarding Plaintiff's RFC without seeking additional medical opinions. Indeed, in determining Plaintiff's RFC, the ALJ afforded significant weight to the State agency medical and psychological consultant's assessment of Plaintiff and her restriction of Plaintiff to "light" work. Tr. 22. The ALJ noted that this opinion was well supported by the objective findings in the record and consistent with the record as a whole. Tr. 22. Further, in order to find that the ALJ reversibly erred by not further developing the record, Plaintiff must show that she was prejudiced by the evidentiary gaps in the record. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("[h]owever, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record"). Plaintiff has merely speculated that a consultative examination might produce evidence to support her claim. Such speculation is insufficient to require remand. *See McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (finding that "[a] claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing").

For these reasons, the undersigned concludes that substantial evidence supports the ALJ's assessment of Plaintiff's RFC. Accordingly, the ALJ did not commit reversible error in her treatment of Plaintiff's subjective complaints or by failing to order an additional consultative examination.

## VI. CONCLUSION

For all of the reasons given above, the undersigned concludes that the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 29th day of July, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE